| | |
|---|---|
| RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JOHN S. DOUGLASS (CA SBN 322801) <br> jdouglass@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 <br><br> MARY PRENDERGAST (CA SBN 272737) <br> mprendergast@mofo.com <br> MORRISON & FOERSTER LLP <br> 2100 L Street, NW, Suite 900 <br> Washington, District of Columbia 20037 <br> Telephone: (202) 887-1500 <br> Facsimile: (202) 887-0763 <br><br> Attorneys for Plaintiff <br> APPLE INC. | ANDREW M. PURDY (CA SBN 261912) <br> andrew@bnsklaw.com <br> BROWN, NERI, SMITH & KHAN, LLP <br> 650 Town Center Drive, Suite 520 <br> Costa Mesa, California 92626 <br> Telephone: (949) 676-003 <br> Facsimile: (949) 676-0035 <br><br> Attorney for Defendant <br> MICHAEL RAMACCIOTTI |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL RAMACCIOTTI and JON PROSSER, <br><br> Defendants. | Case No. 3:25-cv-06043-JD <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: October 30, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 11, 19th Floor <br> Judge: Hon. James Donato |

Plaintiff Apple Inc. ("Apple" or "Plaintiff") and Defendant Michael Ramacciotti submit this Joint Case Management Statement.

Defendant Jon Prosser has not yet appeared in this action or filed a response to the Complaint. Mr. Prosser has publicly acknowledged the Complaint, but has not indicated whether he will file a response to it or, if so, by when. Default was entered as to Mr. Prosser on October 17, 2025. (Dkt. No. 17.)

Pursuant to the parties' stipulation, Mr. Ramacciotti will be responding to the Complaint on or before October 29, 2025. (Dkt. No. 18.)

1. **Jurisdiction and Service**

No issues exist regarding personal jurisdiction or venue and all parties have been served. This court has subject matter jurisdiction over all claims in Apple's complaint.

2. **Facts**

   a. **Apple's Statement**

Apple takes extensive measures to ensure the confidentiality of its unreleased products and innovations. Apple does this to ensure that its competitors do not gain an unfair advantage and to ensure that a new product or feature announcement will generate consumer interest and sales. Apple trains its employees about the need to safeguard Apple's confidential information and reminds them regularly of their confidentiality obligations. In addition, Apple restricts access to its confidential information and trade secrets on a need-to-know basis.

Without their own access to Apple's confidential information, Defendants Jon Prosser and Michael Ramacciotti conspired to break into an Apple employee's development iPhone to steal and profit from Apple's trade secrets. Mr. Ramacciotti took advantage of a personal relationship with the Apple employee to gain access to the development iPhone, and Mr. Prosser paid him to do it. After repeatedly accessing the employee's development iPhone, Mr. Ramacciotti sent photos to Mr. Prosser and transmitted information about unreleased products to Mr. Prosser by showing the screen of the development iPhone on a video call. Mr. Ramacciotti also apparently accessed and distributed other Apple confidential information, including design files and images of prototypes.

1    Apple filed its Complaint on July 17, 2025 and served it on Mr. Ramacciotti and
2    Mr. Prosser on July 22 and July 29, 2025, respectively.  Mr. Ramacciotti's deadline to answer or
3    otherwise respond has been extended by stipulation to October 29, 2025.
4    As noted, the Court has entered default as to Mr. Prosser, as he has not appeared or filed a
5    response to the Complaint. Apple has communicated with Mr. Prosser about this lawsuit and its
6    factual allegations.  Apple intends to file a default judgment seeking damages and an injunction
7    against him.

### b. Ramacciotti's Statement

Defendant Michael Ramacciotti is a not a professional leaker. Rather, he is a lifelong Apple fanboy who failed to fully appreciate the value and proprietary nature of the information that he learned about iOS 26 from his friend, non-party and former Apple employee, Ethan Lipnik, and the Apple Development iPhone to which he had access as a result of their close friendship. Though Mr. Ramacciotti admits to providing defaulted Defendant Mr. Prosser certain information related to iOS 26 that he learned through accessing Mr. Lipnik's Development iPhone, no underlying plan, conspiracy, or scheme was formed between Mr. Ramacciotti and Mr. Prosser to take this information, much less to seek to monetize it through Mr. Prosser's YouTube channel. Further, Mr. Ramacciotti had no intent to monetize this information when he contacted Mr. Prosser, nor was there any arrangement at the time the information was conveyed that he would be compensation.

## 3. Legal Issues

### a. Apple's Statement

Apple alleges trade secret misappropriation under the Defend Trade Secrets Act and the Computer Fraud and Abuse Act against Messrs. Ramacciotti and Prosser.

### b. Ramacciotti's Statement

4.    Mr. Ramacciotti contends that Apple will be unable to prove all the elements of its claims against him. Further, he contends that Apple will be unable to prove damages of anything more than a nominal amount because the proprietary information at issue relates to iOS 26—an operating system that Apple provided iPhone users free of charge.

5.   **Motions**

There are no pending motions.

6.   **Amendment of Pleadings**

Neither Apple nor Mr. Ramacciotti have amended any pleadings, but may do so in the future under Rule 15(a)(1)(B).

7.   **Evidence Preservation**

Apple and Mr. Ramacciotti have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. They also have conferred about the steps they have taken to preserve potentially relevant evidence under Rule 26(f).

a.   **Apple's Statement**

Apple is concerned that Mr. Ramacciotti intentionally deleted relevant evidence—including several hundreds of thousands of text messages—after Apple advised him of the need to preserve evidence on July 23, 2025. Apple continues to investigate data on Mr. Ramacciotti's devices, such as messages and payment records.

b.   **Ramacciotti's Statement**

Mr. Ramacciotti disputes Apple's assertion that he intentionally spoliated relevant evidence. Notably, Apple does not state whether the alleged deletions occurred before or after the date it claims to have informed him of his duty to preserve evidence. Mr. Ramacciotti presently does not recall receiving any specific communication from Apple on or around July 23, 2025, advising him to preserve evidence. If Apple or Apple's counsel sent him something (and he has no reason to doubt that they did), he likely overlooked it or did not fully understand or appreciate the instruction as he was not represented by counsel at that time.

As Apple notes above, Mr. Ramacciotti cooperated with its informal discovery requests in connection with the parties' ongoing settlement discussions. He has already (1) provided Apple with his personal laptop and two of his iPhones for forensic copying, (2) downloaded his Twitter/X account archive and his Apple data archives for production to Apple; (3) met several times with Apple's counsel off the record to discuss Apple's allegations and its understanding of the underlying facts; (4) offered to give Apple unfettered access to any of his personal email,

social media, and bank accounts; (5) volunteered potentially relevant information after personally conducting a review of his Twitter/X account; and (6) collected additional devices for Apple to forensically copy on the off chance that they may contain information that Apple considers relevant to it claims in this action.

8. **Disclosures**

Apple provided its initial disclosures under Rule 26(a) on October 9, 2025. Mr. Ramacciotti will provide his initial disclosures in advance of the October 30, 2025 case management conference.

9. **Discovery**

The parties held a Rule 26(f) conference on October 10, 2025.

    a. **Scope of Anticipated Discovery**

The parties expect to take discovery on the factual and legal issues identified in Sections 2 and 3 above and on the requested relief in Section 11 below.

The parties expect to engage in fact discovery, third-party discovery, and expert discovery.

    b. **Proposed Limitations or Modifications of the Discovery Rules**

The parties agree to take fact witness depositions, including third parties, in this case. The parties will also take expert depositions.

The parties further agree to limit the number of requests for admission to twenty-five (25) per side, unless for authentication.

The parties otherwise agree to abide by the presumptive discovery limits under the Federal Rules of Civil Procedure.

    c. **Stipulated E-Discovery Order**

The parties agree to discuss an e-discovery order and, if necessary, submit a stipulated order to the Court.

    d. **Proposed Discovery Plan**

The parties are negotiating a stipulated protective order to govern the production of confidential information in the case

10. **Class Actions**: This case is not a class action.

11. **Related Cases**: There are no other cases related to this action.

12. **Relief**: Apple seeks monetary damages and an injunction against Messrs. Ramacciotti and Prosser.

13. **Settlement and ADR**:

The parties have not participated in formal alternative dispute resolution or settlement processes but have informally discussed settlement. The parties' informal settlement discussions are ongoing.

The parties are willing to retain a private mediator or use a court-appointed settlement judge.

14. **Other References**: The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties do not anticipate any requests to bifurcate issues, claims, or defenses. The parties are currently unaware of any issues that can be narrowed by agreement or motion. The parties agree to confer in good faith after the discovery period as to ways to expedite the presentation of evidence at trial.

16. **Scheduling**: The parties jointly propose the following case schedule:

| Event | Joint Proposed Deadline |
|---|---|
| Joint Trial Setting Conference Statement | January 5, 2026 |
| Designation of Experts | January 12, 2026 |
| Trial Setting Conference | January 19, 2026 |
| Close of Fact Discovery | February 16, 2026 |
| Opening Expert Reports | March 9, 2026 |
| Rebuttal Expert Reports | April 6, 2026 |
| Close of Expert Discovery | April 20, 2026 |
| Filing of dispositive motions | May 4, 2026 |
| Filing of oppositions to dispositive motions | May 18, 2026 |
| Filing of replies supporting dispositive motions | May 25, 2026 |
| Last day for Hearing on dispositive motions | June 15, 2026 |
| Final pretrial conference | To be set at Trial Setting Conference |

|       |     |
| ----- | --- |
| Trial | TBD |

17. **Trial**

Apple has requested a jury trial. The parties anticipate a four-day trial.

18. **Disclosure of Non-Party Interested Entities or Persons**: Apple filed its Certificate of Interested Entities or Persons under Civil Local Rule 3-15 on July 17, 2025.

19. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **Other**: The parties consent to service by e-mail under Rule 5(b)(2)(e).

Dated: October 23, 2025                               MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
    Richard S.J. Hung

*Attorneys for Plaintiff*
APPLE INC.

Dated: October 23, 2025                               BROWN, NERI, SMITH & KHAN, LLP

By: */s/ Andrew M. Purdy*
    Andrew M. Purdy

*Attorneys for Defendant*
MICHAEL RAMACCIOTTI

**ATTESTATION OF E-FILED SIGNATURE**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. Pursuant to Civil Local Rule 5-1(i)(3), I attest that Andrew M. Purdy has concurred in this filing.

Dated: October 23, 2025                    */s/ Richard S.J. Hung*
                                            Richard S.J. Hung