Andrew M. Purdy (CA Bar No. 261912)
andrew@bnsklaw.com
BROWN, NERI, SMITH & KHAN, LLP
650 Town Center Drive, Suite 520
Costa Mesa, CA 92626
Tel: (949) 676-0030
Fax: (949) 676-0035

Attorneys for Defendant Michael Ramacciotti

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL RAMACCIOTTI and JON PROSSER, <br><br> Defendants. | Case No.: 3:25-cv-06043-JD <br><br> **DEFENDANT MICHAEL RAMACCIOTTI'S ANSWER TO PLAINTIFF APPLE INC.'S COMPLAINT** <br><br> Courtroom: 11 <br> Judge: Hon. James Donato <br><br> Action Filed: July 17, 2025 |

Defendant Michael Ramacciotti ("Defendant") hereby answers Plaintiff Apple Inc.'s ("Plaintiff") Complaint.

**INTRODUCTION**

1. Defendant denies that he planned or participated in any conspiracy or coordinated scheme with defaulted Defendant Jon Prosser ("Prosser") for the purpose of injuring Apple. To the best of Defendant's recollection, any payment he received from defaulted defendant Jon Prosser ("Prosser") was paid after the fact and was not agreed to in advance of the actions and communications Plaintiff alleges in its Complaint. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

2. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

3. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

4. Defendant denies that he planned or participated in any conspiracy or coordinated scheme with Prosser for the purpose of injuring Apple. To the best of Defendant's recollection, any payment he received from defaulted defendant Jon Prosser ("Prosser") was paid after the fact and was not agreed to in advance of the actions and communications Plaintiff alleges in its Complaint. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

5. Defendant admits that he accessed non-party Ethan Lipnik's ("Lipnik") Apple Development iPhone, but denies that he planned or participated in any conspiracy or coordinated scheme with Prosser to do so. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

6. Defendant admits that he accessed Lipnik's Apple Development iPhone, but denies that he planned or participated in any conspiracy or coordinated scheme with Prosser to do so. As to the

remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

7. Defendant admits that he accessed Lipnik's Apple Development iPhone, but denies that he planned or participated in any conspiracy or coordinated scheme with Prosser to do so. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

8. Defendant admits that he accessed Lipnik's Apple Development iPhone and conducted a FaceTime call with Prosser, and Prosser asked Defendant to show certain iOS features. As best as Defendant can recall, several weeks prior to this FaceTime call with Prosser, Lipnik sat down with Defendant and swiped through the iOS features on his Development iPhone. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

9. Defendant admits that he accessed Lipnik's Apple Development iPhone but he did not fully appreciate the sensitivity of the development version of iOS on the Development iPhone given Lipnik's willingness to swipe through the new iOS features on the Development iPhone with Defendant. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

10. Defendant admits that he accessed Lipnik's Apple Development iPhone and conducted a FaceTime call with Prosser and Prosser asked Defendant to show certain iOS features. but denies that he planned or participated in any conspiracy or coordinated scheme with Prosser to do so. Prosser offered Defendant payment of $650 at some point after the FaceTime call. Defendant did not initiate communications with Prosser based on any promise by Prosser that he would specifically pay Defendant for Apple information. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

11. Defendant denies that Plaintiff has been damaged and denies that he has viewed or

1  retained any other confidential Apple information. As to the remainder of the paragraph, Defendant
2  lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph,
3  and on that basis, denies the allegations.

4  12.  There are no allegations in this paragraph, and on that basis, Defendant does not admit
5  or deny the statement in this paragraph.

## JURISDICTION, VENUE, AND PARTIES

7  13.  There are no allegations in this paragraph, and on that basis, Defendant does not admit
8  or deny the statement in this paragraph.

9  14.  There are no allegations in this paragraph, and on that basis, Defendant does not admit
10 or deny the statement in this paragraph.

11  15.  Admit.

12  16.  Admit.

13  17.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
14  allegations of this paragraph, and on that basis, denies the allegations.

## BACKGROUND

16  18.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
17  allegations of this paragraph, and on that basis, denies the allegations.

18  19.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
19  allegations of this paragraph, and on that basis, denies the allegations.

20  20.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
21  allegations of this paragraph, and on that basis, denies the allegations.

22  21.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
23  allegations of this paragraph, and on that basis, denies the allegations.

24  22.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
25  allegations of this paragraph, and on that basis, denies the allegations.

26  23.  Defendant lacks information sufficient to form a belief as to the truth or falsity of the
27  allegations of this paragraph, and on that basis, denies the allegations.

28

3

24. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

25. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

26. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

27. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

28. Denied.

29. Defendant denies that he was enlisted by Prosser with the promise of compensation. Defendant admits that he accessed Lipnik's Apple Development iPhone and conducted a FaceTime call with Prosser, and Prosser asked Defendant to show certain iOS features. Defendant denies that planned or participated in any conspiracy or coordinated scheme with Prosser to access Apple information from Lipnik in exchange for compensation. Defendant denies that he tracked Lipnik's location. Defendant admits that he did not know that Prosser was taking a video of their FaceTime call. Defendant admits that Prosser later paid him $650, but that the FaceTime call happened without Defendant expecting any payment from Prosser for the information learned during the call.

30. Admit.

31. Defendant admits that he accessed Lipnik's Development iPhone and conducted a FaceTime call with Prosser, and Prosser asked Defendant to show certain iOS features. Defendant denies that planned or participated in any conspiracy or coordinated scheme with Prosser to access Apple information from Lipnik in exchange for compensation. Defendant denies that he tracked Lipnik's location. Defendant admits that he did not know that Prosser was taking a video of their FaceTime call.

32. Defendant admits that he accessed Lipnik's Apple Development iPhone and conducted a FaceTime call with Prosser, and Prosser asked Defendant to show certain iOS features. Several weeks prior to this FaceTime call with Prosser, Lipnik sat down with Defendant and swiped through

Case 3:25-cv-06043-JD    Document 20    Filed 10/29/25    Page 6 of 10

the iOS features on his Development iPhone. Defendant did not fully appreciate the sensitivity of the development version of iOS on the Development iPhone given Lipnik's willingness to swipe through the new iOS features on the Development iPhone with Defendant. Defendant admits that Prosser paid him $650. As to Prosser's knowledge, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

33.   Defendant admits his own actions. As to Lipnik's actions, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

34.   Defendant admits that he accessed Lipnik's Apple Development iPhone but he did not fully appreciate the sensitivity of the development version of iOS on the Development iPhone given Lipnik's willingness to swipe through the new iOS features on the Development iPhone with Defendant. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

35.   Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

36.   Defendant denies he remains in possession of any Apple trade secrets and denies having any additional recordings or other forms of Apple confidential information. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

**FIRST CLAIM FOR RELIEF**

37.   There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

38.   There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

39.   There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

40. Defendant admits that he accessed Lipnik's Apple Development iPhone and conducted a FaceTime call with Prosser, and Prosser asked Defendant to show certain iOS features, but denies that he planned or participated in any conspiracy or coordinated scheme with Prosser to access Apple information from Lipnik in exchange for compensation. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

41. Defendant admits that he accessed Lipnik's Apple Development iPhone and conducted a FaceTime call with Prosser, and Prosser asked Defendant to show certain iOS features, but denies that he planned or participated in any conspiracy or coordinated scheme with Prosser to access Apple information from Lipnik in exchange for compensation. As to the remainder of the paragraph, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

42. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

43. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

44. Denied.

45. Denied as to Defendant. Regarding Prosser, Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

46. Denied.

47. Denied.

## SECOND CLAIM FOR RELIEF

48. There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

49. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

1    50.    Defendant admits that he accessed Lipnik's Apple Development iPhone. Defendant denies that any conspiracy to injure Apple existed between Defendant and Prosser.

51.    Defendant denies that Plaintiff is entitled to any damages. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

52.    Defendant denies that Plaintiff has suffered irreparable injury. The remainder of this paragraph contains no allegations, and on that basis, Defendant does not admit or deny the statement in this paragraph.

**PRAYER FOR RELIEF**

a.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

b.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

c.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

d.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

e.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

f.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

g.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

h.    There are no allegations in this paragraph, and on that basis, Defendant does not admit or deny the statement in this paragraph.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant reserves the right to supplement or amend his Answer to include additional

affirmative defenses as additional information becomes available. The pleading of a defense as an affirmative defense is not an admission or acknowledgement that Defendant bears the burden of proof on such defense, or waiver of any argument that Plaintiff bears such burden.

## FIRST AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived the claims asserted in the Complaint by Plaintiff's own conduct.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims, if any, are barred by the equitable doctrine of estoppel based on Plaintiff's own representations and conduct.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Complaint fails to state facts sufficient to constitute a cause of action.

## FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's claims are barred because it has suffered no damages, and Defendant is not liable to Plaintiff for any of the damages claimed or for any damages whatsoever.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's claims are barred to the extent that Plaintiff's alleged damages, if any, constitute damages or losses that are speculative and uncertain.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

By virtue of Plaintiff's conduct, any rights or claims that Plaintiff might otherwise have had against Defendant, if any, are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Right)

Defendant reserves the right, upon completion of discovery and investigation or otherwise, to assert such additional defenses as may be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by its Complaint;
2. That the Complaint be dismissed with prejudice;
3. That Defendant recovers his attorneys' fees and costs of suit incurred herein in defense of this action; and
4. For other such relief, as appropriate.

Dated: October 29, 2025

BROWN, NERI, SMITH & KHAN, LLP

*/s/ Andrew M. Purdy*
Andrew M. Purdy

*Attorneys for Defendant Michael Ramacciotti*