**Pages 1 - 10**

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

APPLE, INC.,                      )
                                  )
          Plaintiff,              )
                                  )
    VS.                           )      **NO. C 25-06043 JD**
                                  )
MICHAEL RAMACCIOTTI, et al.,      )
                                  )
          Defendants.             )
                                  )

                              San Francisco, California
                              Thursday, October 30, 2025

                **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
                    MORRISON & FOERSTER LLP
                    425 Market Street
                    San Francisco, California  94105
                **BY: RICHARD S.J. HUNG, ATTORNEY AT LAW**

For Defendant:
                    BROWN, NERI, SMITH & KHAN LLP
                    650 Town Center Drive - Suite 520
                    Costa Mesa, California  92626
                **BY: ANDREW PURDY, ATTORNEY AT LAW**




Remotely Reported:  Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
                    U.S. District Court - Official Reporter

```
 1   Thursday - October 30, 2025                          10:23 a.m.
 2                         P R O C E E D I N G S
 3                              ---oOo---
 4           THE CLERK:  Calling civil 25-6043, Apple versus
 5   Ramacciotti, et al.
 6                   (Pause in proceedings.)
 7           MR. HUNG:  Good morning, Your Honor.
 8           THE CLERK:  State your name.
 9           MR. HUNG:  Richard Hung of Morrison & Foerster for
10   Apple.  With me today is Dick Vinork (phonetic) with Apple.
11           MR. PURDY:  Good morning, Your Honor, Andrew Purdy
12   with Brown, Neri, Smith & Khan on behalf of Defendant
13   Mr. Michael Ramacciotti -- Ramacciotti, excuse me.
14           THE COURT:  Ramacciotti?
15           MR. PURDY:  Yes.  I trust the Italian jurist on that
16   one.
17           THE COURT:  You should know how to say your client's
18   name.
19           MR. PURDY:  I'm working on it.
20           THE COURT:  The first step of the engagement; right.
21           MR. PURDY:  Understood.
22           THE COURT:  Have you met him?
23           MR. PURDY:  This is the first time in person,
24   Your Honor, he is right here.
25           THE COURT:  You just got retained?
```

1    **MR. PURDY:**  Not long ago.
2    **THE COURT:**  Okay.  So, you are just kind of getting up
3    to speed then?
4    **MR. PURDY:**  Yes, Your Honor.
5    **THE COURT:**  What happened to this other fellow,
6    Mr. Prosser?
7    **MR. HUNG:**  Mr. Prosser has not appeared.  He also
8    has -- we filed a notice of default, which was entered on
9    October 17th.
10   **THE COURT:**  Okay.  I'm a little -- this case is not
11   the typical misappropriation of trade secrets case, you know,
12   which is almost always an employee who has left to join a
13   potential competitor.
14      So, this is -- Mr. Ramacciotti describes himself as an
15   Apple fan boy and apparently got some information that he
16   shouldn't have gotten but then in his excitement shared it with
17   the world.  So, I'm just not really understanding --
18   **MR. HUNG:**  It is a little more nuanced.
19   **THE COURT:**  Where are you going to go with all of
20   this?  He doesn't work at Apple; right?  He is not a former
21   employee.  He is not in the industry.  He's not setting up --
22   what he did may have been wrong but I just don't understand --
23   what do you want to do with this case, Plaintiff?
24   **MR. HUNG:**  It is more nuanced than that, Your Honor.
25   Mr. Ramacciotti was a friend -- former friend of Ethan Lipnick.

1  He when Mr. Lipnick was away from his home, he accessed his
2  development phone; called Mr. Prosser; shared the contents of
3  the development phone with Mr. Prosser.  And then
4  Mr. Ramacciotti received payment from Mr. Prosser.
5      So, it's not simply the case of someone accessing it and
6  sharing it to the world.  This is an individual who is sitting
7  in the middle who --
8          **THE COURT:**  What does Mr. Prosser do?
9          **MR. HUNG:**  Mr. Prosser runs a -- something called
10 I believe called Front Page Tech.  So, he monetizes videos on
11 something called Front Page Tech on YouTube.
12         **THE COURT:**  Videos about latest developments in tech
13 or something?  What are they about?
14         **MR. HUNG:**  He just -- I haven't watched all of his
15 videos, Your Honor.  He does cover Apple.  I'm not sure if he
16 covers other products as well.
17         **THE COURT:**  All right.  So, Prosser paid -- don't be
18 alarmed.  I'm just parroting his theory.  I'm not making any
19 finding.  You're saying -- so, Apple is alleging that Prosser
20 paid Mr. Ramacciotti for some inside information?
21         **MR. HUNG:**  Correct, for information that he obtained
22 from his friend's phone.
23         **THE COURT:**  So, it is kind of a one-and-done thing;
24 right?  This is all in the rearview mirror.  There is no threat
25 of anything happening in the future from this incident; right?

1    **MR. HUNG:** Well, we are still trying to figure out
2    exactly what Mr. Ramacciotti took from Mr. Ethan Lipnick's
3    phone, number one, and secondly, what he actually sent to
4    Mr. Prosser.
5        **THE COURT:** Okay. But I mean IOS 26 is already out in
6    the world.
7        **MR. HUNG:** There are --
8        **THE COURT:** It is not a secret anymore.
9        **MR. HUNG:** There are discussions about sharing things
10   on a development phone. And the development phone includes
11   more than just -- it's not limited to IOS 26; meaning that
12   there may be things that Mr. Ramacciotti shared that go beyond
13   simply what's already out in IOS 26 and/or what Mr. Prosser
14   publicly shared.
15       **THE COURT:** Okay. So, you will take one deposition
16   and all your questions will be answered; right?
17       **MR. HUNG:** And we are pursuing discovery from
18   Mr. Ramacciotti, informal -- we have been communicating with
19   Mr. Purdy about this -- to better understand what was shared --
20   the full scope of what was shared.
21       **THE COURT:** All right. My point is this seems like
22   it's really not that complicated so.
23       **MR. PURDY:** We would agree, Your Honor.
24       **THE COURT:** Look, maybe he did something he shouldn't
25   have. I don't know. I won't make any conclusions obviously

1  today.  How would you like to wrap this up, Defendant?  We are
2  talking among friends.  You are not tying your hands.  Have
3  your client do a deposition and then just be done with it or
4  what?
5          **MR. PURDY:**  We would be more than happy to do that,
6  Your Honor.  We have had informal settlement talks for a while.
7  We have been providing everything that my client can think to
8  provide in terms of access to his personal online account,
9  social media accounts, his computers, everything.
10         **THE COURT:**  Open door policy for discovery, handed
11  everything --
12         **MR. PURDY:**  Yes, Your Honor.
13         **THE COURT:**  All right.  So, why isn't, you know, the
14  kingpin here, Mr. Lipnick, a Defendant.
15         **MR. HUNG:**  Mr. Lipnick is not a Defendant -- well, in
16  this case.  Mr. Lipnick is no longer with Apple, and the
17  allegations here in this case relate to what Mr. Ramacciotti
18  did to an Apple phone.
19         **THE COURT:**  Well, Mr. Lipnick is the guy who blabbed;
20  right?  I mean, he is the one who told everybody, here is the
21  inside story.
22         **MR. HUNG:**  As best as we can understand, Your Honor,
23  he was out getting lunch when Mr. Ramacciotti accessed his
24  phone and took it and sent the information to Mr. Prosser.
25         **THE COURT:**  Are they friends?

1    **MR. HUNG:** I think they were friends.

2    **THE COURT:** How do you access a phone without putting
3    in your face or your passcode?

4    **MR. HUNG:** As best as --

5    **THE COURT:** I'm assuming he had an iPhone. IPhone
6    always says most secure phone in the world. How can some guy
7    just pick it up and crack it?

8    **MR. HUNG:** As best as we can understand, Your Honor,
9    Mr. Ramacciotti found a way to access his phone perhaps by
10   obtaining his password, as best as we understand.

11   **THE COURT:** Okay.

12   **MR. PURDY:** There's --

13   **THE COURT:** It seems like a lot -- a big to do about
14   something that -- you know, I understand it is upsetting. It
15   is all in the rearview mirror. So, what do you want to do
16   about -- I don't want this to get out of hand. I don't want --
17   you know, I don't want hours and hours and hours of discovery
18   and things. Why don't you just take his deposition --
19   Ramacciotti's deposition and get this thing done; right?

20   **MR. HUNG:** So, Your Honor, a couple of things. We do
21   need full discovery. By "full discovery," I mean, we do need
22   discovery. And the reason why we are before Court is because
23   we have been concerned about conducting this purely informally
24   because of inconsistencies in information that Mr. Ramacciotti
25   has provided us informally. So, that's number one why we are

1  actually in court.
2      Secondly, Your Honor, we have had a big concern about
3  spoliation. And if you read the case management statement,
4  Mr. Ramacciotti --
5      **THE COURT:** I understand. I don't want to get into
6  that. I'm looking here for the end game, not for opportunities
7  to make this bigger and more complicated. So, what's the end
8  game here? You are going to take his deposition and then what?
9      **MR. HUNG:** Our goal is to take full discovery;
10 meaning, get his -- get the information that we need from
11 Mr. Purdy and from Mr. Ramacciotti. And then --
12     **THE COURT:** Let me ask you this: Your colleague here
13 says it has been an open book. What is it you don't have right
14 now that you think you need other than his deposition?
15     **MR. HUNG:** We likely will need access to his
16 additional accounts, and he may have additional devices I
17 think.
18     **MR. PURDY:** We have a box of additional devices that
19 my client went through his closet to see what else he had, and
20 we are happy to send them to Charles Rivers Associates so that
21 they can forensically copy them and do whatever they want.
22     **THE COURT:** You agreed, CRA is going to handle all of
23 that?
24     **MR. PURDY:** Yes, Your Honor.
25     **THE COURT:** Just do it. That's done. So now you just

1  need the deposition.
2       **MR. HUNG:**  And then have to question him, correct.
3       **THE COURT:**  What?
4       **MR. HUNG:**  Yes, then we will need to depose him.
5       **THE COURT:**  That's it.  So, and then your colleague
6  here is forthrightly going to send all those devices to your
7  forensic analysis person and then you will take his deposition.
8  So, I mean, what else do you need to do?  That's about it;
9  right?
10      **MR. HUNG:**  There is still the pending matter of
11 Mr. Prosser who has defaulted.
12      **THE COURT:**  Well, I'm just talking about the guy who
13 is actually litigating.
14      **MR. HUNG:**  That's fair, Your Honor.
15      **THE COURT:**  You can do whatever you want with him but
16 that's it then.  So, can we get this done in 35, 45 days?  What
17 do you think, Defendant?
18      **MR. PURDY:**  We would love that, Your Honor.
19      **THE COURT:**  All right. So, let's do that. Okay.  Get
20 the dep -- get everything done and the deposition done by
21 45 days, and then file a joint status report telling me where
22 this is going and what you plan to do.
23      **MR. HUNG:**  Okay.
24      **THE COURT:**  I really, really, really, want the cost to
25 be low in this case; okay.  I'm very concerned about the

1  disproportionate availability of legal resources between Apple
2  and the -- an individual.  I don't want this to get out of
3  hand, and I don't want that to be a problem.
4      So, I'm going to keep you on a very constrained path to
5  get your work done.  So, right now that path is the Defendant
6  will produce all those remaining documents; and the Defendant
7  will make his client available for deposition between now and
8  45 days from now.
9          **MR. PURDY:**  Perfect.
10         **THE COURT:**  Then after that -- one week after that,
11  you are going to file -- just one week after deposition, which
12  must be completed no later than 45 days from today, you will
13  file a joint statement saying:  Here is what we plan to do
14  next; okay.
15     Now, ideally that plan will say -- I have no idea what you
16  are going to do to resolve it, but I want a path to resolution
17  that is prompt.  Should be by the end of the year.  I can't
18  imagine this will go on much longer.  Okay?
19         **MR. PURDY:**  Thank you, Your Honor.
20         **MR. HUNG:**  Thank you.
21         **THE COURT:**  All right.  Thanks for coming in.
22              (Proceedings adjourned at 10:33 a.m.)
23                       ---oOo---
24
25

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: November 6, 2025

_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter