J. CURTIS EDMONDSON (SBN # 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com
*Attorney for Prosser JON PROSSER*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>              Apple,<br><br>     v.<br><br>MICHAEL RAMACCIOTTI and<br>JON PROSSER,<br><br>              Prossers. | Case No. 3:25-cv-06043-JD<br>Hon. Judge James Donato<br>Courtroom: 11<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF JON PROSSER**<br><br>**JURY TRIAL DEMANDED**<br><br>Action Filed: July 17, 2025<br>Rule 26 Conference:<br>Discovery Cutoff:<br>Pre-Trial Date:<br>Trial Date: |

Page 1

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jon Prosser ("Prosser") answers and asserts his affirmative defenses in response to Plaintiff Apple, Inc.'s ("Apple") complaint.  This answer and the affirmative defenses do not act as a waiver of Prosser to move for future amendments, if necessary, through the end of trial in this matter.

## ANSWER TO THE ALLEGATIONS
### INTRODUCTION

1.    With regard to the allegations of Paragraph 1 of Apple's Complaint, Prosser denies that he planned or participated in any conspiracy or coordinated scheme with Prosser Michael Ramacciotti ("Ramacciotti") for the purpose of injuring Apple. Any payments by Prosser were after the fact of the alleged theft by the former Apple employee, Michael Ramacciotti, and he did not agree to anything in advance of the communications and actions of others. As to the remainder of this paragraph, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

2.    With regard to the allegations of Paragraph 2 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

3.     With regard to the allegations of Paragraph 3 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

4.    With regard to the allegations of Paragraph 4 of Apple's Complaint, Prosser denies he conspired to break into Apple's employee's development iPhone to take Apple's secrets, and denies that he participated in any such conspiracy or coordinated scheme alleged by Apple. As to the remainder of Paragraph 4, Prosser

Page 2

lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

5.      With regard to the allegations of Paragraph 5 of Apple's Complaint, Prosser denies that he accessed Ethan Lipnik's Apple Development iPhone, and denies that he planned or participated in any conspiracy or coordinated scheme with Ramacciotti. As to the remainder of paragraph 5, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

6.      With regard to the allegations of Paragraph 6 of Apple's Complaint, Admit in part, deny in part. Prosser admits Apple states that they go to great lengths to protect their information but has no detailed information about such efforts, but denies that he stole any of Apple's trade secrets or accessed any devices as alleged by Apple.

7.      With regard to the allegations of Paragraph 7 of Apple's Complaint, Prosser denies that his conduct was brazen and/or egregious, denies that he jointly planned to access Apple's confidential information, that he was aware of Ramacciotti's financial situation, that he was unaware of who Ethan Lipnik was, and unaware of how and when Ramacciotti gathered the information provided to Prosser. As to the remainder of the paragraph, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

8.      With regard to the allegations of Paragraph 8 of Apple's Complaint, Admit in part and deny in part.  Prosser admits he participated in a FaceTime call with Ramacciotti wherein Prosser was shown certain iOS features on the Development iPhone. Prosser admits that Ramacciotti demonstrated several features and applications, which disclosed details of the unreleased iOS 19 operating system, but has not knowledge if iOS 19 was in fact "unreleased".  However, Prosser denies

Page 3

any knowledge of location tracking, that the iPhone used by Ramacciotti was Mr. Lipnik's phone and that he knew how Ramacciotti gathered the information. As to the remainder of paragraph 8 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the remaining allegations.

9.   With regard to the allegations of Paragraph 9 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

10.   With regard to the allegations of Paragraph 10 of Apple's Complaint, Admit in part, deny in part.  Prosser admits that he recorded the FaceTime call video with Ramacciotti, that he received income from his business's YouTube channel for his three videos, and that he shared the recordings on YouTube. Prosser denies that he planned or proposed any scheme to access Mr. Lipnik's Development iPhone.

11.   With regard to the allegations of Paragraph 11 of Apple's Complaint, Prosser denies that Apple has been damaged, and that he retained any other confidential information from Ramacciotti. As to the remainder of the allegations in paragraph 11, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

12.   With regard to the allegations of Paragraph 12 of Apple's Complaint, Admit in part, deny in part. Admit that Apple has filed this lawsuit; but Prosser denies he acted unlawfully, or that Apple suffered any damages.

## JURISDICTION, VENUE, AND PARTIES

13.   There are no factual allegations in this 13th paragraph, and on that basis, Prosser does not admit or deny the statement in this paragraph.

14.   There are no factual allegations in this 14th paragraph, and on that basis, Prosser does not admit or deny the statement in this paragraph.

15.   Admit.

Page 4

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

16. With regard to the allegations of Paragraph 16 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

17. With regard to the allegations of Paragraph 17 of Apple's Complaint, Admit in part, deny in part. Prosser admits that he has hosted the YouTube channel "Front Page Tech" since 2013.  Prosser denies he lives in Derrick City, Pennsylvania, that he conspired with a California resident to access, view and acquire information related to the Apple's Development iPhone in Mr. Lipnik's apartment in Santa Clara, California.  Prosser further denies that his actions were intentional and expressly aimed at California, and that Apple was harmed in California.

## BACKGROUND

### A.    Apple's Proprietary Software Designs

18. With regard to the allegations of Paragraph 18 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

19. With regard to the allegations of Paragraph 19 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

20. With regard to the allegations of Paragraph 20 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

21. With regard to the allegations of Paragraph 21 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

22. With regard to the allegations of Paragraph 22 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

**B.    Apple Diligently Protects the Secrecy of its Proprietary and Trade Secret Information**

23.    With regard to the allegations of Paragraph 23 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

24.    With regard to the allegations of Paragraph 24 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

25.    With regard to the allegations of Paragraph 25 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

26.    With regard to the allegations of Paragraph 26 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

27.    With regard to the allegations of Paragraph 27 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

**C.    Prossers Conspired to Unlawfully Access and Acquire Apple Proprietary and Trade Secret Information Without Authorization**

28.    Deny.

29.    With regard to the allegations of Paragraph 29 of Apple's Complaint, Admit in part, deny in part. Prosser denies enlisting or bribing Ramacciotti with financial compensation in advance of the FaceTime video and disclosure of information.  Prosser admits sharing a portion of the YouTube advertising revenue with Ramacciotti after publication of Prosser videos in order to retain exclusive

Page 6

communication with Ramacciotti.  Once Prosser learned how Ramacciotti acquired the proprietary information, he disconnected communication with Ramacciotti.

30.     With regard to the allegations of Paragraph 30 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

31.     With regard to the allegations of Paragraph 31 of Apple's Complaint, Admit in part, deny in part. Prosser admits to seeing Ramacciotti unlock the iPhone during call, to viewing confidential information, taking screen captures of the FaceTime call, and to sharing recordings and renderings afterwards. Prosser denies being involved in the decision to gather information ahead of time, denies knowing that Ramacciotti used location tracking, denies knowledge that it was Ethan Lipnik's phone, and denies that Ramacciotti wasn't in his own apartment.

32.     With regard to the allegations of Paragraph 32 of Apple's Complaint, Admit in part, deny in part. Prosser admits that the information was unreleased software, to scripting a line in his show about the unreleased software, and admits to reporting on information given to him, as any news organization would report on exclusives.  Prosser denies offering Ramacciotti financial compensation in return for the information, and denies knowledge as to how the information was obtained by Ramacciotti.

33.     With regard to the allegations of Paragraph 33 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

34.     With regard to the allegations of Paragraph 34 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

**D.     Prossers Have Harmed and Pose an Ongoing Treat to Apple**

Page 7

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

35. With regard to the allegations of Paragraph 35 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

36. With regard to the allegations of Paragraph 36 of Apple's Complaint, Admit in part, deny in part. Prosser admits that he has shown at least a portion of the recording to others, but denies that he is in possession of any further confidential information in this case that has not already been disclosed to Apple. Prosser denies any risk persists. As to the remaining allegations in this paragraph, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies.

## FIRST CLAIM FOR RELIEF

## (Misappropriation of Trade Secrets, Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(1))

37. Prosser incorporates by this reference his admissions and denials to each of the above paragraphs.

38. There are no factual allegations in this 38th paragraph, and on that basis, Prosser does not admit or deny the statement in this paragraph.

39. There are no factual allegations in this 39th paragraph, and on that basis, Prosser does not admit or deny the statement in this paragraph.

40. With regard to the allegations of Paragraph 40 of Apple's Complaint, Admit in part, deny in part. Prosser admits that he viewed proprietary information, but denies that the information reviewed consisted of a trade secret. As to the remainder of the allegations in this paragraph, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies.

Page 8

41.     Deny. Prosser denies that he accessed Mr. Lipnik's Development iPhone at any time.

42.     With regard to the allegations of Paragraph 42 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

43.     With regard to the allegations of Paragraph 43 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

44.     Deny.

45.     Denied as to Prosser.  As to Ramacciotti, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies.

46.     Deny.

47.     Deny.

## SECOND CLAIM FOR RELIEF

### (Violation of CFAA under 18 U.S.C. § 1030)

48.     Prosser incorporates by this reference his admissions and denials to each of the above paragraphs.

49.     With regard to the allegations of Paragraph 49 of Apple's Complaint, Prosser lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and on that basis, denies the allegations.

50.     With regard to the allegations of Paragraph 50 of Apple's Complaint, Admit in part, deny in part.  Prosser denies conspiring to access a protected computer (Apple's Development iPhone), but Prosser admits to being shown confidential files by Ramacciotti from Lipnik's phone.

51.     Deny.

52.     Deny. Prosser denies the need to restrain future conduct.

## RESPONSE TO APPLE'S PRAYER FOR RELIEF

53.    Prosser Prosser denies that Apple is entitled to any of the relief requested in their Complaint.

## JURY TRIAL DEMAND

54. Prosser Prosser requests a jury trial on all issues so triable by a jury.

## AFFIRMATIVE DEFENSES

Prosser reserves the right to supplement or amend his Answer to include additional affirmative defenses as becomes available. The pleading of a defense as an affirmative defense is not an admission or acknowledgement that Prosser bears the burden of proof on such defense, or waiver of any argument that Apple bears such burden.

### FIRST AFFIRMATIVE DEFENSE

### (Waiver)

55.    Apple has waived the claims asserted in the Complaint by Apple's own conduct.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

56.    Apple's claims, if any, are barred by the equitable doctrine of estoppel based on Apple's own representations and conduct.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

57.    Apple's Complaint fails to state facts sufficient to constitute a cause of action.

Page 10

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

## FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

58.     Apple's claims are barred because it has suffered no damages, and Prosser is not liable to Apple for any of the damages claimed or for any damages whatsoever.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

59.     Apple's claims are barred to the extent that Apple's alleged damages, if any, constitute damages or losses that are speculative and uncertain.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

60.     Apple's damages, if any, are barred in whole or in part by Apple's failure to mitigate such damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

61.     By virtue of Apple's conduct, any rights or claims that Apple might otherwise have had against Prosser, if any, are barred by the doctrine of unclean hands.

Page 11

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

## EIGHTH AFFIRMATIVE DEFENSE

### (Not a Trade Secret)

62.     To the extent that Apple identifies the alleged trade secrets at issue with specificity, such alleged trade secrets were already described in printed publications prior to Prosser's publication of the "leaker video".

## NINTH  AFFIRMATIVE DEFENSE

### (Causation by Ramacciotti)

63.     Ramacciotti's act of displaying the features was not induced by Prosser and, as such, Ramacciotti is completely responsible for the disclosure of Apple's alleged trade secrets, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

64.     Ramacciotti's is responsible for all harm caused to Prosser and should indemnify him for all harm caused.

Page 12

## PROSSER'S PRAYER FOR RELIEF

WHEREFORE, Prosser Prosser prays for judgment as follows:

1.    That Apple takes nothing by its Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That Prosser recovers his attorneys' fees and costs of suit incurred herein in defense of this action; and

4.    For other such relief, as appropriate

Dated:  July 2, 2026                                    By:    */s/ J. Curtis Edmondson*
                                                                    _____
                                                                    J. Curtis Edmondson
                                                                    Attorney for Prosser JON
                                                                    PROSSER

Page 13

PROSSER'S ANSWER AND AFFIRMATIVE DEFENSES

## <u>CERTIFICATE OF SERVICE</u>

I declare that I served this document(s): ANSWER AND AFFIRMATIVE DEFENSES OF JON PROSSER

**BY ELECTRONIC SERVICE** [Fed. Rule Civ. Proc. rule 5(b)] by electronically mailing a true and correct copy through my firm's electronic mail system and/or by the CMECF:

Richard S.J. Hung                          *Attorneys for  APPLE INC*
rhung@mofo.com
John S. Douglass
jdouglass@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522


MARY PRENDERGAST                          *Attorney for APPLE INC*
mprendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763


Andrew M. Purdy                          Attorney for Michael
andrew@bnsklaw.com                       Ramacciotti
BROWN, NERI, SMITH & KHAN, LLP
650 Town Center Drive, Suite520
Costa Mesa, CA 92626
Tel: (949)676-0030
Fax: (949)676-0035


                          */s/ J. Curtis Edmondson*

                          _____
                          J. Curtis Edmondson, Attorney for
                          Prosser Jon Prosser

Page 14