RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JOHN S. DOUGLASS (CA SBN 322801)
jdouglass@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARY PRENDERGAST (CA SBN 272737)
mprendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Plaintiff
APPLE INC.

ANDREW M. PURDY (CA SBN 261912)
andrew@bnsklaw.com
BROWN, NERI, SMITH & KHAN, LLP
650 Town Center Drive, Suite 520
Costa Mesa, California 92626
Telephone: (949) 676-0030
Facsimile: (949) 676-0035

Attorneys for Defendant
MICHAEL RAMACCIOTTI

J. CURTIS EDMONDSON (CA SBN 236105)
jcedmondson@edmolaw.com
EDMONDSON IP LAW
3720 SW 141st Avenue, Suite 212
Beaverton, Oregon 97006
Telephone: (503) 336-3749

Attorneys for Defendant
JON PROSSER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPLE INC.,

Plaintiff,

v.

MICHAEL RAMACCIOTTI and JON PROSSER,

Defendants.

Case No. 3:25-cv-06043-JD

**JOINT STATUS REPORT**

Judge: Hon. James Donato

Action Filed: July 17, 2025

Pursuant to the last Joint Status Report (ECF No. 37), Plaintiff Apple Inc. and Defendants Michael Ramacciotti and Jon Prosser submit this Joint Status Report.

**1. Case Update.**

**A. Apple's Statement**

Since the parties' last update on August 5, 2026 (ECF No. 37), the parties have continued to advance this case through limited discovery.

Apple has efficiently and expeditiously advanced this action since the October 30, 2025 case management conference before the Court. Apple deposed Mr. Ramacciotti on December 17, 2025. Apple also deposed Mr. Prosser on June 16, 2026.

Apple's deposition of Mr. Prosser was delayed by almost a year due to the October 17, 2025 entry of default against him. The default rendered Mr. Prosser a non-party to the case and forced Apple to serve a third-party document and deposition subpoena on January 29, 2026 to obtain discovery from him.

After several months of attempting to contact Mr. Prosser and obtain that discovery, the parties ultimately stipulated to setting aside the default against him contingent on his agreement to a deposition and to produce relevant documents. The Court set aside the default against Mr. Prosser on June 9, 2026. His deposition proceeded the following week on June 16, 2026.

In the four months that have elapsed since Mr. Prosser's deposition, Apple continues to await limited additional documentary discovery from him (discussed below). This includes: (i) Mr. Prosser's communications with specific third parties; and (ii) evidence concerning his financial gain from misappropriating Apple's trade secrets and Defendant's CFAA violations.

During this same period, Apple asked that Mr. Ramacciotti sit for a second, short deposition and update his interrogatory responses to address inconsistencies between his and Mr. Prosser's testimony. Through counsel, Mr. Ramacciotti previously agreed in principle to both (but now places conditions on both, as discussed below).

Although Mr. Ramacciotti complains that the case has long been pending, as noted, Apple was unable to obtain discovery from Mr. Prosser for almost twelve months. Apple also was unable to reach Mr. Ramacciotti to schedule his second deposition from July 6 to September 7,

due to his counsel's scheduled vacation.

The limited outstanding discovery from Mr. Prosser, which includes his communications with third parties, may substantiate or rebut Mr. Ramacciotti's sworn testimony about whether he conspired with Mr. Prosser to access and disclose Apple's confidential information to others and how he did so.

For example, although Mr. Ramacciotti contends that "no . . . conspiracy existed" between him and Mr. Prosser and that "documents and testimony obtained by Apple . . . do not prove anything to the contrary," both individuals' productions (including their direct Signal communications to one another) and Mr. Prosser's testimony suggest otherwise. Mr. Ramacciotti's denial that he accessed Apple's confidential information and disclosed it to others expressly for financial gain—despite the contrary documentary and testimonial evidence—is neither an "inconsequential fact" nor due to the "limits of his recollection."

Apple has no desire to prolong these proceedings. As noted by its twelve-month effort to obtain discovery from Mr. Prosser and its pursuit of limited additional discovery from both Defendants, it expects fact-finding in this case to complete shortly.

After Mr. Ramacciotti provided his statement for this status update, counsel for Apple and Mr. Ramacciotti corresponded about meeting to discuss next steps and expect to do so in the next several days.

### B. <u>Ramacciotti's Statement</u>

Mr. Ramacciotti respectfully requests an in-person status conference so that the parties may have the benefit of the Court's guidance on moving this unusually situated case toward trial or resolution of Apple's claims against him.

At the October 30, 2025 case management conference, the Court observed that Apple's claims against Mr. Ramacciotti are "kind of a one-and-done thing" that are "all in the rearview mirror," that the case "seems like it's really not that complicated," and asked, "[w]hy don't you [*i.e.*, Apple] just take [Mr. Ramacciotti's] deposition . . . and get this thing done[?]" (ECF No. 23 at 4–5, 7.) The Court explained that it was "looking here for the end game, not for opportunities to make this bigger and more complicated," that it "really, really, really, want[ed] the cost to be

low in this case," and that it wanted "a path to resolution that is prompt . . . by the end of the year [*i.e.*, 2025]." (*Id.* at 8–10.) Apple's prosecution of its claims against Mr. Ramacciotti has deviated from that guidance.

Mr. Ramacciotti has cooperated fully and continues to do so. In November 2025, he provided Apple's forensic consultants with several dozen personal devices (including phones, laptops, and various Apple devices), granted them full access to his iCloud and Google Drive accounts, and even personally assisted the consultants in accessing everything Apple sought. He answered Apple's interrogatories, and on December 17, 2025, sat for a deposition lasting approximately five hours on the record. During his deposition, he even answered questions beyond the scope of Apple's claims against him (*e.g.*, whether he knows of anyone else who offers or receives compensation for Apple confidential information, and whether there are others in the "Apple leaker community" Apple had not yet discussed). (Ramacciotti Dep. 190:12–24, 235:22–236:6.)

Mr. Ramacciotti acknowledges that he accessed ex-Apple employee Ethan Lipnik's tester phone. He has nothing to hide from Apple and wants to be as cooperative as possible in the hope that Apple will do as the Court advised—i.e., "just be done with [the case against Mr. Ramacciotti]" after he provides Apple with the discovery it needs. (ECF No. 23 at 6.) Accordingly, he has agreed in principle to sit for a second deposition (which would likely exceed the time limits of Fed. R. Civ. P. 30(d)(1)) and to amend his interrogatory responses. Mr. Ramacciotti, however, conditions agreeing to dates for both on Apple first providing a roadmap to resolution of its claims against him, including what more, if anything, Apple needs from him. He will agree to both dates within one week of receiving that roadmap.

Mr. Ramacciotti has been and continues to be ready to resolve this matter, but Apple has declined to engage despite the Court's instruction last year that the parties report "what [they] plan to do next" on a "path to resolution that is prompt." (ECF No. 23 at 10.) Instead, Apple has conditioned any resolution discussions on it deposing Mr. Ramacciotti for a second time, stating it "will be in a better position to discuss next steps" afterward. (October 7, 2026 email between counsel.) Respectfully, nearly a year after the parties' initial case management conference, Apple

should be in that position: it deposed Mr. Ramacciotti in December 2025, has had all his ESI since before that deposition and has not requested any additional devices from him, has presumably questioned Mr. Lipnik about Mr. Ramacciotti, and has received document productions from and deposed Mr. Prosser.

To the extent Apple is concerned about factual inconsistencies in Mr. Ramacciotti's prior testimony or responses—something he has offered to collaboratively address with Apple—those inconsistencies are most likely inconsequential or the product of the limits of his recollection at the time he responded or testified. If Apple seeks to substantiate a coordinated conspiracy between Mr. Ramacciotti and Mr. Prosser, no such conspiracy existed and the documents and testimony obtained by Apple from Mr. Ramacciotti and Mr. Prosser do not prove anything to the contrary. If Mr. Prosser intends to aggressively defend Apple's claims against him (as it appears he is inclined to do), that dispute is between Apple and Mr. Prosser and Mr. Ramacciotti is unwilling to be drawn into it. And if Apple is developing a damages case against Mr. Ramacciotti, that effort is misplaced: he is not in a financial position to pay any amount of consequence to one of the largest companies in the world.

Because Apple has been unwilling, despite the Court's guidance at the October 30, 2025 case management conference, to provide Mr. Ramacciotti a roadmap to resolution, Mr. Ramacciotti respectfully requests that the Court: (a) set an in-person conference before the end of October 2026; (b) direct Apple to be prepared to outline what more, if anything, it needs from Mr. Ramacciotti; and (c) set a deadline, within 30 days of the conference, by which Apple must either dismiss Mr. Ramacciotti or declare its intent to proceed to trial against him.

### C. Prosser's Statement

Prosser's counsel requests that the October 30, 2025 scheduling order be modified. (ECF 21). While Prosser has cooperated with Apple's "informal discovery" requests (including having his deposition taken), it is unclear how Prosser can serve discovery on Apple to narrow the issues for trial by requesting discovery from Apple. Prosser just received Apple's Trade Secret disclosure and it is difficult to discern if some of the items are still trade secrets, if they were ever trade secrets in view of public disclosures by third parties, and/or if they are not trade secrets due

to the release of iOS 19/26 and Mac OS 26, as Apple has only provided literal descriptions of the alleged trade secrets, rather than providing the equivalent graphical representations.

Prosser's counsel, in view of this Court's directive, has made every effort to keep costs to a minimum.

**2. Discovery.**

**A. Apple's Statement**

Apple deposed Mr. Ramacciotti on December 17, 2025. Apple served deposition and document subpoenas on Mr. Prosser on January 30, 2026.

As part of the June 9, 2026 stipulation to set aside the default against him, Mr. Prosser agreed to produce responsive discovery. He subsequently sat for a deposition on June 16, 2026.

Although Mr. Prosser has provided documents in response to Apple's initial requests, Apple continues to await his production of certain additional documents that it requested over three months ago. These include revenue reports and data analytics for his YouTube channels and relevant communications with third parties that he identified during his deposition.

As noted, Mr. Ramacciotti previously agreed to a second, short deposition and to supplement his interrogatory responses but now conditions them.

Mr. Prosser and Mr. Ramacciotti informally requested discovery from Apple on August 14, 2026. Apple produced responsive documents and identified the relevant trade secrets on September 24, 2026. For the first time in this status report, Mr. Prosser suggests that Apple's identification is somehow deficient (*e.g.,* because Apple's disclosure of those secrets with iOS 26 allegedly negates its claims against Defendants). Apple is willing to confer with Defendants' counsel regarding its identification.

**B. Prosser's Statement**

Prosser's counsel received Apple's Disclosure of Trade Secrets on September 24, 2026. It appears that the Trade Secrets at issue are no longer trade secrets and are in the public domain (see above).

Prosser individually, and with the assistance of counsel, has provided significant ESI to Apple. When documents are produced, Apple then makes another "informal" request for more

documents. Prosser's view is that he has satisfied the stipulation at ECF 32.

**3. <u>Scheduling</u>.**

If the Court does not grant Mr. Ramacciotti's request for an in-person status conference in October 2026, the parties will file a further update with the Court on December 2, 2026.

Dated: October 7, 2026

MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
Richard S.J. Hung

*Attorneys for Plaintiff*
APPLE INC.

Dated: October 7, 2026

BROWN, NERI, SMITH & KHAN LLP

By: */s/ Andrew M. Purdy*
Andrew M. Purdy

*Attorneys for Defendant*
MICHAEL RAMACCIOTTI

Dated: October 7, 2026

EDMONDSON IP LAW

By: */s/ J. Curtis Edmondson*
J. Curtis Edmondson

*Attorneys for Defendant*
JON PROSSER

**ATTESTATION OF E-FILED SIGNATURE**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Joint Status Report. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Andrew M. Purdy and J. Curtis Edmondson have concurred in this filing.

*/s/ Richard S.J. Hung*
Richard S.J. Hung